JOHN L. BURRIS, Esq., SBN 69888
BENJAMIN NISENBAUM, Esq., SBN 222173
JAMES COOK, Esq., SBN 300212
KATHERINE MACELHINEY, Esq., SBN 355532
**BURRIS, NISENBAUM, CURRY & LACY LLP**
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: 844-273-6873
John.Burris@johnburrislaw.com
Ben.Nisenbaum@johnburrislaw.com
James.Cook@johnburrislaw.com
Katherine@bncllaw.com

Attorneys for Plaintiffs IVAN GUTZALENKO, Deceased, Successors in Interest N.G. AND
N.I., minors through their mother and Next Friend, Honey Gutzalenko, individually and as Co-
successors in Interest for IVAN GUTZALENKO, Deceased,

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| IVAN GUTZALENKO, Deceased, through his Co- Successors in Interest, N.G. and N.I.G., minors through their mother and Next Friend, Honey Gutzalenko, individually and as Co-successors in Interest for IVAN GUTZALENKO, Deceased,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF RICHMOND, a public entity; RICHMOND POLICE OFFICERS TOM TRAN, MARK HALL, and CEDRIC TAGORDA; AMR-WEST, a corporation; DAMON RICHARDSON, in his individual and official capacities; and DOES 1-10, Jointly and Severally,<br><br>Defendants. | Case No.:  3:22-CV-02130-EMC<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' BRIEF ON MICRA**<br>[C.C.P. § 3333.2]<br><br>DATE:    August 28, 2025<br>TIME:    TBD<br>JUDGE:  Hon. Edward M. Chen |

# I. ARGUMENT

**A.     Plaintiffs' Battery Claim is Not Based on Professional Negligence Under MICRA.**

To fall within MICRA's noneconomic damages cap an action must be "based on professional negligence." *See* Cal. Civ. Code § 3333.2. "'Professional negligence' means a negligent act or omission to act by a health care provider in the rendering of professional services... ." *Id.,* subd. (j)(4). Under the Act, "'professional service' is medical care: that is, the medical diagnosis and treatment of patients." *Flores v. Presbyterian Intercommunity Hospital* (2016) 63 Cal.4th 75, 85.  Whether MICRA applies to Plaintiffs' instant Battery claim depends on if the Court believes that Richardson injected Mr. Gutzalenko with Versed as an act of providing medical diagnosis and/or treatment.

1.     <u>The Versed Had Nothing To Do With Medically Treating Mr. Gutzalenko.</u>

Defendants' argument is essentially that Paramedic Richardson was responding to an emergency call so that every action he took was within the course and scope of his license as a paramedic, therefore Plaintiffs' battery claim is subject to MICRA's damages cap because Richardson's conduct could only be based in professional negligence. MICRA's damage cap is limited, however, to claims involving acts constituting medical treatment and diagnosis. *See Flores v. Presbyterian Intercommunity Hospital*, *supra*, 63 Cal.4th 75 at p. 85 (rejecting construction of MICRA "covering essentially every form of ordinary negligence that happens to occur on hospital property.") Not every ambulatory service is "the same as providing medical care" to a patient. *See Aldana v. Stillwagon* (2016) 2 Cal. App. 5th 1, 8, 205 Cal. Rptr. 3d 719, 723. For MICRA to apply, "it is not enough that there is a temporal connection between the plaintiff's alleged injuries and a health care provider's rendering of professional services." *Gutierrez v. Tostado*, 18 Cal. 5th 222, 572 P.3d 523, 534 (2025).

Defendants would have the Court interpret MICRA more broadly. In their view, the Versed was integrally related to the provision of health care of Mr. Gutzalenko. Defendants misunderstand the case law classifying claims under MICRA. For example, in the context of a claim brought by a patient the *Flores* Court considered whether a malfunctioning bed guardrail was "integrally related" to the patient's medical care. *See Flores*, *supra*, 63 Cal.4th 75 at p. 89.

Based on a factual concession that her doctor had ordered the guardrail to be set a certain height following a medical assessment of Ms. Flores' condition, the *Flores* Court concluded that the patient's "injuries ... resulted from [the defendant's] alleged negligence in the use or maintenance of equipment integrally related to [the patient's] medical diagnosis and treatment"; therefore, MICRA applied. *Id.* Here, no similar nexus exists between Richardson's intentional act of chemically restraining Mr. Gutzalenko to protect Richardson from hypothetical injury and Mr. Gutzalenko's existing medical needs– which Richardson failed to assess.

Defendants make much ado about a comment by a defendant officers that Mr. Gutzalenko was "faking like he was unconscious" just before the Versed was injected, so "[a]s far as RICHARDSON could tell it was still necessary to calm the patient with Versed in order to permit his ability to safely provide care and treatment." *See* Dkt. 121 at pp. 8-9. Defendant's choice of words: "as far as Richardson could tell," is particularly illuminating because, as the record shows, Richardson did not *do anything* to verify the officer's statement before he immediately injected Mr. Gutzalenko with the Versed. Richardson took the word of law enforcement over his own professional obligation to act in his patient's best interest. Richardson said it himself: "So that was the reason I gave him the Versed, was for all of our safety." Richardson Dep. at 144:1-10. Richardson treated Mr. Gutzalenko not as a patient in need of life-saving medical services, but as a threat to be neutralized when no such threat truly existed in that moment, or, arguably, ever.[1]

There would be no dispute over whether Paramedic Richardson was acting within the scope of his professional services if he took any action whatsoever to monitor, stabilize, or improve Mr. Gutzalenko's medical condition before injecting the Versed. He did not. Moreover, Richardson's failure to observe Mr. Gutzalenko's respiratory status was a violation of the County's protocol governing the use of Versed. MICRA does not apply to Richardson's conduct

---

[1] As this Court noted in its Opinion on Defendants' Motions for Summary Judgment, even when Mr. Gutzalenko was conscious "it is debatable must how much a threat to the officers' safety the decedent posed. His pockets had been searched and items removed so he had no weapons. [Tran BWC at 2:50-3:00.] He appears to have been flailing with his arms or legs, not deliberately punching or kicking the officers. [*Id.* at 9:07-10:00.] He did not appear to be hurting himself. Therefore, there is a genuine dispute as to the degree to which Mr. Gutzalenko posed an immediate threat to the safety of himself, the officers, or the paramedic." Dkt. No. 108 at pp. 11-12.

1    because he acted outside the scope of the emergency medical services for which he was

2    licensed.

3            2.        <u>Nonconsensual Chemical Restraint of an Unconscious Person is Medical Battery.</u>

4            MICRA's limitation on noneconomic damages applies only to actions based on

5    professional negligence, but MICRA may apply in certain cases of medical battery even if

6    asserted as an intentional tort. *See, e.g., Burchell v. Faculty Physicians & Surgeons of Loma*

7    *Linda University School of Medicine* (2020) 54 Cal.App.5th 515, 523–524. While Defendants

8    argue that case law only establishes two types of medical battery under MICRA and that neither

9    type applies to the factual circumstances of Plaintiffs' instant Battery claim (*see* Dkt. No. 121 pp.

10   5-6), Defendants misunderstand those cases as being exclusive of a third scenario which does

11   apply here. Pure medical battery "is an intentional tort that occurs when a doctor performs a

12   procedure <u>without obtaining any consent</u>." *Saxena v. Goffney* (2008) 159 Cal.App.4th 316, 324

13   (emphasis added.) Here, Richardson injected Mr. Gutzalenko with the Versed without obtaining

14   any consent, an intentional act constituting medical battery.

15           "A harmful contact, intentionally done is the essence of a battery. A contact is 'unlawful'

16   if it is unconsented to." *Ashcraft v. King* (1991) 228 Cal.App.3d 604, 611, 278 Cal.Rptr. 900

17   (citations omitted.) Not only did Richardson not have Mr. Gutzalenko's consent to treatment, but

18   the record shows he injected the Versed while Mr. Gutzalenko was unconscious. "It is well

19   settled that a physician who performs a medical procedure without the patient's consent commits

20   a battery irrespective of the skill or care used." *Thor v. Superior Court* (1993) 5 Cal.4th 725, 735,

21   21 Cal.Rptr.2d 357, 855 P.2d 375. Nonconsensual or unauthorized medical procedures like

22   injecting a drug without consent and without the drug being immediately necessary for the

23   preservation of the life or health of the patient is medical battery. *C.f. Preston v. Hubbell*, 87 Cal.

24   App. 2d 53, 57–58 (1948). Plaintiffs' Battery claim is therefore not subject to MICRA's damages

25   provisions pursuant Cal. Civ. Code § 3333.2.

**B.    To Deem Richardson's Conduct "Professional Negligence" Would be Inconsistent
        with the Letter and Spirit of MICRA.**

Defendants argue throughout their Brief that courts have applied MICRA to actions in which a medical defendant's conduct was "inextricably intertwined" with the professional services provided. *See, e.g., Central Pathology Service Medical Clinic, Inc. v. Superior Court* (1992) 3 Cal.4th 181, 192-193, 10 Cal.Rptr.2d 208, 832 P.2d 924 (holding that plaintiffs' cause of action for fraud "aris[es] out of the professional negligence of a health care provider" for purposes of Code of Civil Procedure section 425.13.) Defendants claim "[t]he cases agree that MICRA provisions should be construed liberally in order . . . to reduce malpractice insurance premiums." Dkt. 121, at p. 3 (quoting *Preferred Risk Mutual Insurance Company v. Reiswig* (1999) 21 Cal.4th 208, 215.)  However, "[b]ecause [Cal. Code of Civil Procedure] section 425.13 is not part of MICRA and employs different language than MICRA's statutes, the [California] Supreme Court repeatedly has rejected attempts to apply the standard it announced in *Central Pathology* to MICRA or other statutory provisions." *Larson v. UHS of Rancho Springs, Inc*. (2014) 230 Cal.App.4th 336, 350, 179 Cal.Rptr.3d 161, (citing *Delaney v. Baker* (1999) 20 Cal.4th 23, 39–40, 82 Cal.Rptr.2d 610, 971 P.2d 986.)

Because legislators have specifically limited the application of MICRA and similar statutes to "professional negligence" claims, California courts have determined that it would be inconsistent with the "letter and spirit" of those laws to hold that claims for intentional torts "are really just another form of professional negligence." *Unruh–Haxton v. Regents of Univ. of Cal*., 162 Cal.App.4th 343, 76 Cal.Rptr.3d 146, 157 (Ct.App.2008). Cases discussing the applicability of MICRA contradistinguish actions arising out of professional negligence from those based on intentional tort when the allegations are "qualitatively different than professional negligence." *Id.* at p. 155 (citing *Perry v. Shaw*, 88 Cal.App.4th 658, 106 Cal.Rptr.2d 70 (Ct.App.2001.) When, as here, the circumstances giving rise to tort allegations relate to "wrongful intentional conduct, not mere negligence," such claims are not subject to professional negligence statutes such as MICRA. *Id.* at p. 157; *See also Covenant Care, Inc. v. Superior Court*, 32 Cal.4th 771, 11 Cal.Rptr.3d 222, 86 P.3d 290, 295 (Cal.2004) (noting that "intentional, egregious" conduct cannot be described as "mere 'professional negligence'"); *See also Smith v. Ben Bennett, Inc.,*

133 Cal. App. 4th 1507, 1526, 35 Cal. Rptr. 3d 612, 624 (2005) (distinguishing *Preferred Risk Mutual Insurance Company v. Reiswig*, 21 Cal.4th 208, 215).

Assuming, arguendo, that Richardson had injected the Versed to treat Mr. Gutzalenko's medical needs, if this conduct was "reckless, or done with oppression, fraud or malice, then the action… cannot be considered simply based on ... professional negligence." *Delaney v Baker*, *supra*, 20 Cal.4th at 35. As discussed herein and in Plaintiffs' MICRA Brief (Dkt. No. 120), the record indicates that Richardson knew Versed may interfere with breathing and also that Mr. Gutzalenko was cyanotic and struggling to breath. Richardson knew that Versed can negatively interact with certain illicit substances and he suspected Mr. Gutzalenko had some sort of drug on board causing his behavior. The factual circumstances indicate that Richardson's injecting Mr. Gutzalenko with Versed was oppressive, self-serving if not malicious, and certainly not "inextricably intertwined" with caring for Mr. Gutzalenko's medical needs. Professional negligence statutes such as MICRA were not intended to "exempt intentional wrongdoers from liability by treating such conduct as though it had been nothing more than mere negligence." *Perry v. Shaw, supra*, 88 Cal.App.4th 658, 106 Cal.Rptr.2d 70, 78 (Ct.App.2001). Given that Richardson's conduct was qualitatively different than professional negligence, MICRA and its damages provisions under Section 3333.2 do not apply to Plaintiffs' instant Battery claim.

## C.    MICRA Does Not Apply to Claims Presenting Hybrid Theories Based in Both Intentional Tort and Professional Negligence.

The same conduct may form the basis of MICRA and non-MICRA applicable claims against a health care provider, thus when a plaintiff chooses to proceed on the non-MICRA claims the provisions of MICRA are not applicable. *See Romar ex rel. Romar v. Fresno Community Hosp. and Medical Center*, E.D.Cal.2008, 583 F.Supp.2d 1179; *See also Bigler-Engler v. Breg, Inc.* (App. 4 Dist. 2017) 213 Cal.Rptr.3d 82, review filed, review denied. Therefore, even if this Court believes that a jury could award Plaintiffs damages for their Battery claim based on either medical negligence or the asserted intentional tort of medical battery, MICRA's noneconomic damages provisions do not apply to Plaintiffs' instant Battery claim.

**D.      Both AMR-West and Richardson are Liable for Plaintiffs' Instant Battery Claim.**

      In Medical Defendants' Brief it is asserted that Summary Judgment was granted in full as to American Medical West. *See* Dkt. 121 at p. 1. Not so. This Court expressly denied Summary Judgment as to both Defendants Richardson <u>and</u> American Medical West with respect to Plaintiffs' Battery claim (*See* Dkt. 108 at p. 26) and for immunity purposes. *Id.,* at pp. 28-29. Plaintiffs understand this to mean that both Medical Defendants AMR-W and Richardson may be liable for Plaintiffs' instant Battery claim, regardless of whether MICRA applies.

## II.   CONCLUSION

      Given the foregoing, Plaintiffs request an Order from this Court affirming that MICRA and its provisional noneconomic damage limitations under Section 3333.2 do not apply; and that AMR-West is still a party to this lawsuit and subject to liability for Plaintiffs' Battery claim.

Respectfully Submitted,


DATED: August 28, 2025          **BURRIS NISENBAUM CURRY & LACY LLP**

                               /s/ *Katherine MacElhiney*
                               Katherine MacElhiney
                               John L. Burris
                               Benjamin Nisenbaum
                               James Cook
                               Attorneys for Plaintiffs