1

2

3

4                  UNITED STATES DISTRICT COURT

5                  NORTHERN DISTRICT OF CALIFORNIA

6

7    IVAN GUTZALENKO, et al.,                Case No.  22-cv-02130-EMC

8                  Plaintiffs,

9         v.                                  **ORDER RE WITHDRAWN EXPERT
                                              WITNESS**
10   CITY OF RICHMOND, et al.,

11                 Defendants.                Docket Nos. 182–183

12

13        At the January 13, 2026 pretrial conference, Defendants indicated that they intend to

14   present at trial the testimony of Charles Yarbaugh, Plaintiffs' now-withdrawn police practices

15   expert.  Mr. Yarbaugh prepared an expert report and was deposed by Defendants.  He was

16   identified as an expert witness by Plaintiffs, but his name did not appear on Plaintiffs' witness list

17   for trial.  *See* Dkt. 159.  The Court ordered additional briefing regarding whether Plaintiffs'

18   previously disclosed expert may be called by the opposing party under these circumstances.  Dkt.

19   175.

20        The Court has reviewed the parties' briefing.  Defendants aver that Mr. Yarbaugh is

21   beyond the Court's subpoena jurisdiction and thus "unavailable" under Federal Rule of Civil

22   Procedure ("FRCP") 32(a)(4).  Dkt. 183 at 5.  The Court therefore anticipates that Defendants will

23   seek to introduce Mr. Yarbaugh's deposition testimony under FRCP 32 and Federal Rule of

24   Evidence ("FRE") 804(b)(1).

25        Plaintiffs' objections center on hearsay and FRE 403 concerns.  Plaintiffs do not assert,

26   and the Court is unaware of any binding authority, that Defendants are categorically barred from

27   calling Mr. Yarbaugh as a witness at trial.  The issue present solely concerns admissibility, on the

28   basis of *e.g.* hearsay.

United States District Court
Northern District of California

1    With respect to hearsay, Plaintiffs argue that Mr. Yarbaugh's deposition testimony is

2    inadmissible because he was never an authorized representative or agent of Plaintiffs, and thus his

3    testimony does not qualify as an opposing-party admission under FRE 801(d)(2)(C) or (d)(2)(D).

4    Dkt. 182 at 3–4 (citing *Glendale Fed. Bank, FSB v. United States*, 39 Fed. Cl. 422, 425 (Fed. Cl.

5    1997); *Durham v. Cnty. of Maui*, 804 F. Supp. 3d 1068, 1070–71 (D. Haw. 2007)).

6    The Court agrees with Plaintiffs that Mr. Yarbaugh's deposition testimony does not qualify

7    as an opposing-party admission under FRE 801(d)(2). Although an expert witness may, in some

8    circumstances, be treated as a party's authorized speaker, courts generally draw a distinction

9    between experts who testify at trial, and experts who are withdrawn before testifying at trial. The

10   justification for treating an expert's testimony as a party admission weakens substantially where,

11   as here, the expert is withdrawn before trial. *See, e.g.*, *Glendale*, 39 Fed. Cl. at 425 (holding that

12   deposition testimony of withdrawn expert did not qualify as an opposing-party admission); *In re*

13   *Hanford Nuclear Reservation Litig.*, 534 F.3d 986, 1016 (9th Cir. 2008) (applying *Glendale* to

14   hold that expert's prior trial testimony was an opposing-party admission); *see also Kirk v.*

15   *Raymark Indus., Inc.*, 61 F.3d 147, 164 (3d Cir. 1995) (expressing skepticism that expert

16   testimony could ever be treated as a party admission given the expert's independent role). Mr.

17   Yarbaugh's name did not appear on Plaintiffs' list of trial witnesses. Accordingly, the Court

18   concludes that Mr. Yarbaugh's deposition testimony is not an opposing-party admission under

19   FRE 801(d)(2) merely because Plaintiffs once retained him as an expert and made him available

20   for deposition.

21   Although Mr. Yarbaugh's deposition testimony is not an opposing-party admission, FRCP

22   32 permits the use of deposition testimony "for any purpose" under certain circumstances,

23   including where the witness is unavailable or outside the Court's subpoena power. *See* Fed. R.

24   Civ. Proc. 32(a)(4); *see also* Fed. R. Evid. 804(b)(1) (providing hearsay exception for deposition

25   testimony where the opposing party had an opportunity and motive to develop the testimony by

26   direct, cross-, or redirect examination). FRCP 32 may therefore permit deposition testimony to be

27   used substantively even if it would otherwise constitute hearsay. *See Nationwide Life Ins. Co. v.*

28   *Richards*, 541 F.3d 903, 914 (9th Cir. 2008) (holding that FRCP 32 is an independent exception to

hearsay, and evidence allowable under FRCP 32 should not be excluded unless it would be inadmissible even if delivered in open court).  Plaintiffs have not identified any other basis, apart from hearsay and FRE 403, on which to exclude Mr. Yarbaugh's testimony.  Thus, so long as Defendants establish that Mr. Yarbaugh is unavailable within the meaning of FRCP 32, and that Plaintiffs had an opportunity to develop Mr. Yarbaugh's deposition testimony through further examination pursuant to FRE 804(b)(1), his deposition testimony may be used at trial notwithstanding the Court's ruling that Mr. Yarbaugh's deposition testimony is not an opposing-party admission.

However, FRCP 32 only addresses the procedural and hearsay barriers to using deposition testimony in lieu of live testimony.  It does not automatically render the substance of Mr. Yarbaugh's testimony admissible.  Any deposition testimony offered at trial remains subject to FRE 401, 402, 403, 702, and any other applicable limitations.  The Court cannot meaningfully evaluate Mr. Yarbaugh's testimony under these Rules because Defendants have not identified the specific portions of Mr. Yarbaugh's deposition testimony they intend to offer.  Accordingly, before permitting any use of Mr. Yarbaugh's deposition testimony, the Court requires Defendants to designate the specific deposition excerpts they intend to offer at trial.  Plaintiffs may submit counter-designations and objections, as appropriate.  The Court will rule on the admissibility of Mr. Yarbaugh's deposition testimony on an excerpt-by-excerpt basis.  If Defendants instead elect to call Mr. Yarbaugh to testify live, they must identify in advance the opinions they seek to elicit and the bases for those opinions, so that Plaintiffs may raise any appropriate objections and the Court may perform its gatekeeping function.

Finally, to the extent Mr. Yarbaugh's deposition or live testimony is presented at trial, the Court determines that disclosure of the fact that Plaintiffs originally retained Mr. Yarbaugh would present substantial risk of unfair prejudice and jury confusion.  Courts addressing similar factual circumstances have permitted the opposing party to call or use a withdrawn expert, but with a prohibition against any testimony or argument regarding which party originally retained the expert.  *See, e.g.*, *Altaa Invs. LLC v. Production Capital, LLC*, 2023 WL  4157365, at *10 (C.D. Cal. June 7, 2023); *Agron v. Trs. of Colum. Univ.*, 176 F.R.D. 445, 450–53 (S.D.N.Y. 1997);

1   *Brigham Young Univ. v. Pfizer, Inc.*, 2012 WL 1029304, at *5 (D. Utah Mar. 26, 2012); *Peterson*

2   *v. Willie*, 81 F.3d 1033, 1037–38 (11th Cir. 1996).  Accordingly, if Mr. Yarbaugh's testimony is

3   admitted, no party may elicit testimony, offer evidence, or make any argument indicating that

4   Plaintiffs originally retained Mr. Yarbaugh or later withdrew him as an expert.

5          For the foregoing reasons, Mr. Yarbaugh's deposition testimony is not admissible as an

6   opposing-party admission under FRE 801(d)(2).  Any use of his deposition testimony at trial must

7   satisfy the requirements of FRCP 32 and the Federal Rules of Evidence, including FRE 804(b)(1).

8   Such testimony shall be properly designated before use at trial to facilitate the Court's assessment

9   of admissibility.  Moreover, Mr. Yarbaugh's testimony — whether live or by deposition — is

10  subject to the prejudice-limiting procedures outline above.

11         Defendants' deposition designations or identification of anticipated live testimony shall be

12  submitted to the Court by 5:00 p.m. on Friday, January 23, 2026.  Plaintiffs' counter-designations

13  and objections are due to the Court by 5:00 p.m. on Monday, January 26, 2026.  Parties are to

14  meet and confer to resolve any disputes by 5:00 p.m. on Tuesday, January 27, 2026, and shall

15  submit a joint letter to the Court identifying any remaining designations in dispute by 5:00 p.m. on

16  Wednesday, January 28, 2026.  Parties are advised that any time spent by the Court resolving

17  disputes may, in the Court's discretion, be deducted from their allotted trial time.

18

19

20         **IT IS SO ORDERED**.

21

22  Dated: January 22, 2026

23

24  _____

25  EDWARD M. CHEN
    United States District Judge

26

27

28

United States District Court
Northern District of California

4